## In re DYNAMIC RANDOM ACCESS MEMORY (DRAM) ANTITRUST LITIGATION

**Internet Integration, Inc. v. Micron Technology, Inc., et al., N.D. California, C.A. No. 3:02-3196**

**Gregory M. NESPOLE, et al. v. MICRON TECHNOLOGY, INC., et al., S.D. New York, C.A. No. 1:02-4798**

**No. 1486.**

Judicial Panel on Multidistrict Litigation.

Oct. 16, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ, Judges of the Panel.

## TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of two actions pending in the Northern District of California and the Southern District of New York, respectively.[1] Plaintiff in the California action moves, pursuant to 28 U.S.C. § 1407, for transfer of the New York action to the Northern District of California for coordinated or consolidated pretrial proceedings with the action pending there. All parties to the two actions, along with additional responding plaintiffs and defendants that are parties to potential tag-along actions, agree that Section 1407 centralization is appropriate. The only disagreement concerns the choice of transferee forum. Defendants Micron Technology, Inc., and Micron Semiconductor Products, Inc., joined by plaintiffs in four District of Idaho potential tag-along actions, support selection of the District of Idaho. All other responding parties favor selection of the Northern District of California.[2]

On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of California will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions are purported class actions brought by plaintiffs who allege that defendants (including multiple common defendants) have engaged in an antitrust conspiracy to fix the price of Dynamic Random Access Memory (DRAM) and to allocate the market for DRAM among themselves.[3] Centralization under Section 1407 is thus necessary

---

* Judge Sear took no part in the decision of this matter.

1. The Panel has been notified of fifteen potentially related actions now pending in the Northern District of California or the District of Idaho. In light of the Panel's disposition of this docket, these additional actions will be treated as potential tag-along actions. *See*

Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

2. Some of these respondents further request assignment of this litigation to a judge in the San Jose division of the California district.

3. Plaintiffs identify DRAM as a type of semiconductor used in personal computers, printers, digital cameras, wireless telephones, and

in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

■ In concluding that the Northern District of California is an appropriate forum for this docket, we note that i) the district is the forum choice of the majority of both plaintiffs and defendants; and ii) the district is an accessible and convenient location for both the domestic and foreign MDL–1486 parties.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action in this litigation pending in the Southern District of New York is transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Phyllis J. Hamilton for coordinated or consolidated pretrial proceedings with the constituent action pending there.

---

other electronic devices as a storage module

to hold data as it is processed.